NO. 7904.

FERNANDO ROSES

VS

CHARLES SIGGIO.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

7904

St. Paul, Judge.

Plaintiff sold defendant an automobile and as security for the price took and recorded a chattel mortgage thereon. Thereafter opponent made certain repairs to the automobile (which was still in its possession when seized herein) and now claims payment out of the proceeds thereof by preference over plaintiff.

The chattel mortgage act (No. 198 of 1918, Section 4) provides that every such mortgage shall be a lien on the chattel from the filing thereof for recordation, "and said lien shall be superior in rank to any privilege or lien arising subsequently thereto."

It is contended however that C. C. 3217 No 2 gives a workman or artisan a right to detain the thing on which he has worked, until paid; and that this right is not affected by the provisions of the chattel mortgage act.

Now it is clear that the right to retain a thing until a debt be paid, must and does necessarily confer the highest possible privilege or lien upon the thing. But the substance of the right is in the priority thus secured to the creditor, and not in the mere vain detention of the thing itself.

Hence our courts have not hesitated to compel him whose privilege was based on a right of pledge to take the substance of his right and waive the name.

575

Flournoy vs. Millings, 15 An 475  Chase vs Kloppenberg, 26 An 482.

So that a privilege, or lien, or priority, or preference, even though coupled with a right of detention, or of possession, or of pledge, is after all only a privilege or lien, though of a high rank, and hence falls within the sweeping terms of the Chattel Mortgage Act.

As the privilege and lien of the opponent herein, arose subsequent to plaintiff's recorded Chattel Mortgage, the latter is entitled to priority.

Judgment Affirmed.

New Orleans La, May 17th, 1920